# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Case Number |
| ) | 09-00170-CR-W-HFS |
| Kody R. Williams, ) | |
| ) | |
| Defendant. ) | |

## Report and Recommendation

Before the Court is a MOTION TO SUPPRESS EVIDENCE [Doc. 20] filed by defendant Kody R. Williams ("Williams") on August 11, 2010. In his motion, Williams moves the Court to suppress all evidence obtained from a search of his residence on November 14, 2008, arguing that (1) the underlying search warrant was issued based on illegally obtained information; (2) there was insufficient independent investigation to support the information provided by a confidential source who had no history of providing reliable information. The Court rejects both arguments.[1]

On November 6, 2008, Detective Matthew Miller of the Lee's Summit, Mo. Police Department presented an affidavit in support of the issuance of a search warrant to Jackson County Circuit Court Judge Vernon Scoville. In that affidavit, Det. Miller requested a search warrant be issued for any cocaine, firearms and associated items that might be found at the residence at 3552 N.E. Austin Dr., Lee's Summit, Missouri.

---

[1] Because the search warrant at issue was issued only on the basis of an affidavit and Williams challenges only the information in that affidavit, Williams is not entitled to an evidentiary hearing inasmuch as "the probable cause determination must be based upon only that information which is found within the four corners of the affidavit." *United States v. Olvey*, 437 F.3d 804, 807 (8th Cir. 2006).

As set out in Det. Miller's affidavit,[2] on October 27, 2008, he received a complaint stating that Kody R. Williams was selling drugs at 3552 N. E. Austin Dr., Lee's Summit, MO. The complaint stated that Williams had been convicted of multiple felonies, including drug trafficking. The complaint also indicated that Sherry Mitchell might also reside at the address on Austin Drive. Detective Miller confirmed that the water utilities account for that address was opened on September 14, 2006 in the name of Sherry Lynn Mitchell and remained an active account. On November 5, 2008 Detective Miller retrieved and inspected three bags of trash that had been left at the curb at 3552 N. E. Austin Drive for pick-up by a trash company. From the trash bags Detective Miller recovered two torn pieces of a plastic bag with white powder which tested positive for cocaine, several pieces of mail addressed to Sherry Mitchell at that address; and a blank "Intervention Fee" card from the Missouri Department of Corrections. In light of the blank "intervention fee" card and Sherry Mitchell's lack of criminal history, Detective Miller believed that a person on probation/parole (possibly Kody Williams) was living at 3552 N. E. Austin Drive. Additional investigation indicated that Kody Williams reported the 3552 N. E. Austin Drive address as his home for Probation and Parole purposes and that he had used it as his home address on at least six encounters with police.

Williams attacks Det. Miller's affidavit, arguing that the information in the complaint was obtained from an anonymous or confidential source. As such, William contends that the affidavit must indicate that the anonymous or confidential source is reliable.

Both the United States Supreme Court and the Eighth Circuit have emphasized that:

> If an affidavit in support of a search warrant sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular place, probable cause to issue the warrant has been established.

*United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007) (*citing Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332 (1983)). Moreover, "[w]hether probable cause to issue a search

---

[2] The affidavit, search warrant and return are appended to this Report and Recommendation for review by the District Court.

warrant has been established is determined by considering the totality of the circumstances, and resolution of the question by an issuing judge should be paid great deference by reviewing courts." *Grant*, 490 F.3d at 632. The affidavit for a search warrant should be examined using a common sense approach, and not a hypertechnical one. *Grant*, 490 F.3d at 632.

Looking only within the four corners of Det. Miller's affidavit and employing a common sense approach, the Court concludes that there was probable cause for the search warrant issued by Judge Scoville. Probable cause requires only a showing of fair probability, not hard certainties. *Gates*, 462 U.S. at 231, 103 S.Ct. at 2328. Here, the affidavit demonstrates a fair probability of finding evidence of a crime at 3552 N. E. Austin Drive; thus, the search warrant is valid. *United States v. Caswell*, 436 F.3d 894, 897 (8th Cir.2006) (search warrant is valid under the Fourth Amendment if it establishes probable cause).

The failure of the affidavit to expressly set forth that the confidential source was reliable is not fatal to the subsequently issued search warrant. The Supreme Court has long recognized that a judge issuing a search warrant may base a probable cause finding on the hearsay statements of an unnamed informant. *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514 (1964). While the informant needs to be reliable, it is not necessary for a supporting affidavit to expressly make that point. Instead, the critical question is whether the issuing judge was "informed of some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, was credible." *Id*. "Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence." *United States v. Williams,* 10 F.3d 590, 593 (8th Cir. 1993) In this case, the information provided by the confidential source was corroborated by the independent investigation as set forth by Detective Miller in the affidavit. The investigation corroborated that Sherry Mitchell lived at the address; that someone at the address had interaction with the Missouri Department of Corrections by virtue of the presence of the Missouri Department of Corrections "intervention fee" card recovered from the trash from the residence; that Kody

3

Williams used the address as his home address for probation/parole purpose and in at least six encounters with law enforcement; that Kody Williams had numerous previous felony convictions including narcotics convictions; and finally, that cocaine was in the trash from the residence.

The Court similarly rejects Williams' argument that the search warrant lacked probable cause because it relied upon "illegally obtained narcotics evidence gleaned from a trash pull in front of the defendant's house." The Eighth Circuit has expressly held that law enforcement officers may search trash left outside the curtilage of the house to be picked up by garbage collectors, because the owners of the trash have abandoned it. *United States v. Spotted Elk* 548 F.3d 641, 653-54 (8th Cir. 2008). *See also California v. Greenwood*, 486 U.S. 35, 40, 108 S.Ct. 1625, 1628 (1988) (no unconstitutional search of trash left on the curb for collection since the defendants exposed their garbage to the public sufficiently to defeat their claim to Fourth Amendment protection.)

Finally, the Court notes that even if the search warrant in this case ultimately was found to be deficient for either of the reasons advanced by Williams, suppression of the evidence seized during the execution of the warrant would not be appropriate in light of the executing officers' good faith reliance on the validity of the warrant and Judge Scoville's probable cause determination. *United States v. Leon*, 468 U.S. 897 (1984).

Accordingly, it is

**RECOMMENDED** that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** Williams' MOTION TO SUPPRESS EVIDENCE filed August 11, 2010 [Doc. 20].

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                                               */s/ John T. Maughmer*
                                               **John T. Maughmer**
                                     **United States Magistrate Judge**