IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-0170-W-HFS |
| | ) | |
| KODY R. WILLIAMS | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant has filed objections to the report and recommendation advocating denial of his motion to suppress. After review of the record and briefing, I accept the recommendation and adopt the report, for reasons therein stated.

The only materially debatable issue, in my judgment, is the legality of the search of three trash bags, retrieved from what the officer's affidavit refers to as curbside placement for pick up by the trash company. Defendant's argument is simply that "the officers illegally retrieved three trash bags from the <u>driveway</u> of the residence." (emphasis added). He further contends the magistrate judge was required to schedule a hearing, although there is no affidavit contesting that of the officer, and not even an assertion in the motion or briefing that the trash bags were a considerable distance from the street, quite near the house, or not placed outside for purposes of pickup. Under existing legal principles I agree with Judge Maughmer that a hearing was not required. Defense counsel's assertions are not sufficient to conclude there was a Fourth Amendment violation. See, e.g., <u>United States v. Segura-Baltazar</u>, 448 F.3d 1281, 1286-1289 (11th Cir. 2006), citing pertinent case-law. The Seventh Circuit judges debated the matter quite thoroughly in <u>United States v. Redmon</u>, 138 F.3d

1109 (7th Cir. 1998 (en banc)). The Eighth Circuit is said to be aligned with circuits not wedded to a technical "curtilage" analysis. Redmon, supra, 138 F.3d at 1121, n. 2, citing, United States v. Comeaux, 955 F.2d 586, 589 (8th Cir. 1992).

Whether a hearing might have been useful to flesh out the facts and help avoid an appeal or whether the burden of holding hearings is excessive, on inconclusive allegations in the motion to suppress, would seem to be best left to balancing by the magistrate judge.[1]

The motion to suppress (Doc. 20) is denied, based on the record. SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September  24 , 2010

Kansas City, Missouri

---

[1] One additional comment that may be useful is that even if the cocaine traces in the trash bags were insufficient to offer proof of drug trafficking the illegality of possession alone would seem enough to support a search warrant, given the circumstances presented to Associate Circuit Judge.